JOHN M. MCCOY III, Cal. Bar No. 166244  E-FILED 12.27.11
Email: mccoyj@sec.gov
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>IU GROUP, INC., ELIJAH BANG, a/k/a ELIJAH BHANG, and DANIEL LEE,<br><br>Defendants. | Case No. CV 11-00556 MMM (AJWx)<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ELIJAH BANG a/k/a ELIJAH BHANG** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Elijah Bang a/k/a Elijah Bhang ("Bang") having entered a general appearance; consented to the Court's jurisdiction over Bang and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS FURTHER ORDERED that Bang and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(c), by, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or to offer to buy any security, unless a registration statement has been filed as to such security.

## II.

IT IS FURTHER ORDERED that Bang and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), by, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;
    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under

    which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED that Defendant Bang, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2), by, directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce:

  A. employing devices, schemes and artifices to defraud clients or prospective clients; or

  B. engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients.

## IV.

IT IS FURTHER ORDERED that Defendant Bang, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by, directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

  A. making untrue statements of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading to any investor or prospective investor in the pooled investment

    vehicle; or

  B. engaging in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## V.

IT IS FURTHER ORDERED that, based on Bang's sworn representations in his Statement of Financial Condition dated May 23, 2011, and other documents and information submitted to the Commission, the Court is not ordering Bang to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Bang's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Bang's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Bang, petition the Court for an order requiring Bang to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Bang was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Bang to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Bang may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under

1  the law; or (5) assert any defense to liability or remedy, including, but not limited
2  to, any statute of limitations defense.

### VI.

IT IS FURTHER ORDERED that the Consent of Defendant Elijah Bang a/k/a Elijah Bhang is incorporated herein with the same force and effect as if fully set forth herein, and that Bang shall comply with all of the undertakings and agreements set forth therein.

### VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

DATED:   December 27, 2011            _____
                                      HON. MARGARET M. MORROW
                                      UNITED STATES DISTRICT JUDGE